**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JOSEPH MCGEE, JR.**                                                                                                **PLAINTIFF**

**VS.**                                                                        **CIVIL ACTION NO.:** 4:19cv037-DMB-RP

**HUMPHREYS COUNTY, MISSISSIPPI,**
**J.D. "BUBBA" ROSEMAN (in both his official and**
**individual capacities), and JOHN DOES 1-5**                                **DEFENDANTS**

**<u>COMPLAINT</u>**

**\*\*\* JURY TRIAL DEMANDED\*\*\***

Plaintiff, Joseph McGee, Jr., files this his Complaint against Defendants, Humphreys County, Mississippi, Cleveland Ross, J.D. "Bubba" Roseman, and John Does 1-5, as follows:

**Parties**

1.      Plaintiff Joseph McGee, Jr. is, and was at all relevant times, an adult resident citizen of Humphreys County, Mississippi.

2.      Defendant, Humphreys County, Mississippi may be served with process by delivering the Summons and Complaint to Lawrence D. Browder, who is the Clerk of the Board of Supervisors, at his business address of Humphreys County Chancery Court, 102 Castleman Street, Belzoni, Mississippi 39038.

3.      Defendant J.D. "Bubba" Roseman is, and was at all relevant times, the Humphreys County Sheriff.   He may be served by delivering the Summons and

Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038. He is sued in both his official and individual capacities as explained below.

4. Defendant John Doe 1, is a deputy with the Humphreys County Sheriff's Department that was involved in the deprivation of Plaintiff's rights as set forth below. It is believed that this deputy's last name is McGinnis. This individual will be added to the Complaint as and when discovery permits better identification of him.

5. Defendants John Does 2-5 are deputies with the Humphreys County Sheriff's Department that were involved in the deprivation of Plaintiff's rights as set forth below. It is believed that these deputies' last names are McPherson, Hooker, Hunter, and Field. They will be added to the Complaint as and when discovery permits better identification of them.

**Venue**

6. Venue is appropriate under 42 U.S.C. Section 1391.

**Personal Jurisdiction**

7. This Court has personal jurisdiction over all Defendants because they reside in the state of Mississippi and, in particular, within the counties that are part of the Greenville Division of the Northern District of Mississippi.

## Subject Matter Jurisdiction

8.     This Court has subject matter jurisdiction over the civil rights claims asserted by Plaintiff pursuant to 42 U.S.C. Section 1343(a)(3) and 28 U.S.C. Section 1331.

## Statement of the Facts

9.     On or about May 11, 2018, Joseph McGee, Jr. was taken into the custody of the Humphreys County Sheriff's Department, where he would be extradited for a charge which was pending in the State of Virginia.

10.     On or about May 29, 2018, Mr. McGee was still in the custody and control of the Humphreys County Sheriff's Department.

11.     On the evening of May 29, 2018, a fight broke out across the hall from Joseph McGee.

12.     In response, the Humphreys County Sheriff's deputies removed all inmates from the area.

13.     After bringing the inmates back to their cells, a second fight broke out.

14.     Joseph McGee was not involved in either of these fights.

15.     After the fights were contained, Mr. McGee was talking to the inmate held in the cell across the hall.

16.     Soon thereafter, multiple Sheriff's Deputies, which are referred to in the caption of this Complaint as John Does 1-5, entered Mr. McGee's cell, removed him, and took him and a fellow inmate into the chapel.

3

17.     Recognizing that their actions would be captured on video, the deputies took Joseph and the second inmate into a back office.

18.     While in the back office, John Doe 1 began talking to Joseph and mid-sentence struck Mr. McGee in the face.

19.     John Doe 1 continued to strike Mr. McGee in an attempt to get him to fight back.

20.     John Does 2–5 watched John Doe 1's assault and battery of Mr. McGee; however, John Does 2–5 failed to take any action to stop the assault and battery and encouraged John Doe 1 in his assault and battery of Mr. McGee.

21.     Mr. McGee refused to fight and held up his hands to demonstrate that he was not going to fight back.

22.     Mr. McGee suffered injuries as a result of John Doe 1's assault upon him.

23.     John Doe 1 then asked Mr. McGee if he was going to press charges for the assault. Mr. McGee was told that if he pressed charges, he "would not make it to Virginia."

24.     Mr. McGee and his fellow inmate where then forced to sit on the floor while John Does 1-5 taunted them.

25.     Mr. McGee was denied any type of medical care for his injuries.

26. The next day, May 30, 2018, Mr. McGee was transported to Virginia. Upon arriving in Virginia, the officers performing the intake asked Mr. McGee what happened to him. Mr. McGee's injuries were noted during intake.

27. Later that evening, Mr. McGee was able to speak with his family and inform them of what had occurred.

28. Mr. McGee's mother called Sheriff J.D. "Bubba" Roseman to discuss the incident but was unable to reach him. The next day, Sheriff Roseman returned her call, acknowledged that the incident occurred, and asked that she let him handle it.

29. To Plaintiff's knowledge, no corrective action has been taken against John Does 1-5.

## Causes of Action

30. While he was incarcerated in the Humphreys County jail, Joseph McGee had the right to be free of cruel and unusual punishment, which includes being viciously beaten. Defendants denied him these rights.

31. The right to be free of such is guaranteed to convicted prisoners pursuant to the Eighth Amendment of the United States Constitution. The same right is guaranteed to pretrial detainees pursuant to the due process clause of the Fourteenth Amendment.

32. The Defendants, Humphreys County, Mississippi, and J.D. "Bubba" Roseman, failed to properly and adequately train, supervise, and/or hire the Defendants,

John Does 1-5, in violation of the Plaintiff's rights. These rights are guaranteed to Plaintiff pursuant to the Fourth Amendment and Eighth Amendment, and as applied in this matter by and through the Fourteenth Amendment.

33.     As a direct and proximate result of the actions of the Defendants, the following clearly established and well-settled federal constitutional rights of the Plaintiff were violated, though not limited to such:

      a.    Freedom from an unreasonable seizure;

      b.    Freedom from the use of excessive, unreasonable, and unjustified force against his person;

      c.    Freedom from cruel and unusual punishment;

      d.    Proper medical care and treatment;

      e.    Due process of law; and

      f.    Equal protection under the law.

34.     42 U.S.C. Section 1983 provides a remedy for the violation of Plaintiff's rights as described above. Plaintiff asserts a Section 1983 claim against all Defendants for the violation of his rights while acting under the color of law under the Fourth Amendment, Eighth Amendment, due process clause of the Fourteenth Amendment, and/or the Equal Protection clause as stated above, and otherwise within the meaning of constitutional rights under Section 1983.

35. In addition, pursuant to 42 U.S.C. Section 1988, when he prevails in this action, Plaintiff is entitled to recovery of attorney's fees, costs and other expenses as set forth in the statute. Plaintiff asserts a claim against all Defendants for such relief.

### Count I – liability of John Doe 1 pursuant to Section 1983

36. Defendant John Doe 1 was directly involved in the beating of Plaintiff. Such conduct was at all times conducted or performed under the color of law.

37. Pursuant to Section 1983, therefore, Plaintiff asserts a claim against Defendant John Doe 1 for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or the Equal Protection clause.

38. This Defendant has caused him pain, suffering, emotional distress, physical injuries, and loss of enjoyment of life.

39. Plaintiff seeks compensatory damages against said Defendant in an amount to be determined at the trial of this matter.

40. Plaintiff also seeks an award of punitive damages against Defendant John Doe 1 in an amount to be determined at the trial of this matter.

41. Plaintiff seeks an award of attorneys' fees, costs and other expenses against Defendant John Doe 1.

42. Plaintiff also seeks post-judgment interest as provided by statute.

## Count II – County liability under Section 1983

43.    Defendant Roseman is a final policymaker for Humphreys County, Mississippi with respect to law enforcement activities.  In addition, Defendant Roseman, as Sheriff of Humphreys County, Mississippi, is responsible for the implementation and promulgation of official policy for the Sheriff's Department.

44.    The violent tendencies of the deputies within the Humphreys County Sheriff's Department, including deputy Defendants, John Does 1-5, was known, or should have been known, to Defendant Roseman prior to the events that are the subject of this lawsuit.  The injuries suffered by Plaintiff were foreseeable and he had the power and authority to alleviate them.

45.    Further, Defendant Roseman failed to properly train and supervise John Does 1-5, thereby resulting in the violation of the Plaintiff's constitutional rights as mentioned herein.

46.    Instead, Roseman demonstrated a deliberate and reckless indifference to the actions of John Does 1-5 and their pattern of violence and denial of constitutional rights.  Defendant Roseman was also deliberately indifferent to the need for adequate training and supervision of John Does 1-5.

47.    This pattern of violence and denial of constitutional rights had, prior to the events alleged in this Complaint, risen to such a level that it became part of the custom, policy or practice of the Humphreys County Sheriff's Department.

8

48.     As a result, pursuant to Section 1983, Plaintiff asserts a claim against Humphreys County, Mississippi for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or the Equal Protection clause.

49.     The Defendant, Humphreys County, Mississippi, has caused Mr. McGee pain, suffering, emotional distress, physical injuries, and loss of enjoyment of life.

50.     Plaintiff seeks compensatory damages against Humphreys County, Mississippi in an amount to be determined at the trial of this matter.

51.     Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendant.

52.     Plaintiff seeks prejudgment interest against said Defendant all damages that are "liquidated" as of the date of the filing of his Complaint.

53.     Plaintiff also seeks post-judgment interest as provided by statute.

### Count III – liability of Roseman under Section 1983

54.     For the reasons stated in Count II, in addition to imposing liability on Humphreys County as a final policymaker, Roseman has individual liability.

55.     As a result, pursuant to Section 1983, Plaintiff asserts a claim against Defendant Roseman for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, due process clause of the Fourteenth Amendment, and/or Equal Protection clause.

56.     The Defendant has caused him pain, suffering, emotional distress, physical injuries, and loss of enjoyment of life.

57.     Plaintiff seeks compensatory and punitive damages against said Defendant in an amount to be determined at the trial of this matter.

58.     Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendant.

59.     Plaintiff seeks prejudgment interest against said Defendant for all damages that are "liquidated" as of the date of the filing of his Complaint.

60.     Plaintiff also seeks post-judgment interest as provided by statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests an award of actual damages in an amount to be determined at trial against all Defendants, jointly and severally.  He requests an award of punitive damages in an amount to be determined at trial against the individual Defendants, jointly and severally.  He requests an award of attorneys' fees, cost of litigation expenses pursuant to Section 1988 against all Defendants, jointly and severally.  He requests prejudgment interest as set forth above against all Defendants, jointly and severally.  He requests costs of court and post-judgment interest as provided by rule and statute.

Respectfully submitted, this the 15th day of March, 2019.

Joseph McGee

By: /s/ Ronald E. Stutzman, Jr.
Ronald E. Stutzman, Jr.

10

OF COUNSEL:

Ronald E. Stutzman, Jr. (MB #101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com

S. Craig Panter (MB #3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, Mississippi 39110
Telephone: (601) 607-3156
Facsimile: (601) 607-3157
cpanter@craigpanterlaw.com