IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOSEPH MCGEE, JR.                                            PLAINTIFF

VS.                                CIVIL ACTION NO. 4:19-cv-037-DMB-RP

HUMPHREYS COUNTY, MISSISSIPPI,
J.D. "BUBBA" ROSEMAN (IN BOTH HIS
OFFICIAL AND INDIVIDUAL
CAPACITIES), AND JOHN DOES 1-5                           DEFENDANTS

## ANSWER AND DEFENSES

COME NOW Humphreys County, Mississippi and Sheriff J.D. Roseman in his official and individual capacity ("Defendants"), by and through undersigned counsel, and file their Answer and Defenses to Plaintiff's Complaint, as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Plaintiff's official capacity claims against Defendant Roseman must be dismissed because they are against Humphreys County, which is already a defendant in this case.

## THIRD DEFENSE

## ANSWER

AND NOW, without waiving their right to be heard regarding the above defenses, Defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

1.      Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

{D1172509.1}

2. Admitted.

3. Admitted.

4. Denied.

5. Denied.

6. Defendants admit that venue is proper in the Greenville Division of the United States District Court for the Northern District of Mississippi.

7. Defendants admit that jurisdiction is proper in the Greenville Division of the United States District Court for the Northern District of Mississippi.

8. Defendants admit that jurisdiction is proper in the Greenville Division of the United States District Court for the Northern District of Mississippi.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

{D1172509.1}

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the same.

27. Defendants are currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny the same.

28. Denied.

29. Defendants deny that any corrective action was necessary or taken.

30. The first sentence of Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations against them. The allegations in the second sentence of Paragraph 30 are denied.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations against them.

32. The first sentence of Paragraph 32 is denied. The second sentence contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations against them.

33. Denied, including sub-parts a.)– f.)

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations against them.

{D1172509.1}

35. The first sentence of Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, defendants deny any allegations against them. As to the second sentence, Defendants deny that Plaintiff is entitled to recover damages against them in any amount whatsoever.

36. Denied.

37. Paragraph 37 does not pertain to these defendants; therefore, no response is required. To the extent a response is required, defendants deny any allegation against them.

38. Denied.

39 - 42. Paragraphs 39 – 42 does not pertain to these defendants; therefore, no response is required. To the extent a response is required, defendants deny any allegation against them.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny any allegations against them.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendants deny any and all of Plaintiff's claims against them.

49. Denied.

50 – 53. Defendants deny that Plaintiff is entitled to recover damages against them in any amount whatsoever.

54. Denied.

55. Defendants deny any and all of Plaintiff's claims against them.

56. Denied.

{D1172509.1}

57. – 60.   Defendants deny that Plaintiff is entitled to recover damages against them in any amount whatsoever.

In response to the paragraph of the Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED," Defendants deny that Plaintiff is entitled to judgment or any other relief against them, including but not limited to actual or general damages, attorney's fees, costs, interests or expenses, or punitive damages, and demand that Plaintiff's Complaint be dismissed with prejudice with all cost assessed to the Plaintiff.

AND NOW, having responded to the Plaintiff's Complaint, and having denied any and all liability to the Plaintiff, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The sole proximate cause or contributing cause of Plaintiff's alleged damages, if any, was his own conduct, whether negligent or intentional.

### SECOND AFFIRMATIVE DEFENSE

The sole proximate cause or contributing cause of Plaintiff's alleged damages, if any, was the fault of individuals or entities other than Defendants and for whom Defendants cannot be held responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the results of intervening or superseding events, factors, occurrences, conduct of others, or conditions which are not attributable to Defendants, and for which Defendants had no control and are therefore not liable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were the result of a pre-existing condition for which Defendants are not responsible.

{D1172509.1}

### FIFTH AFFIRMATIVE DEFENSE

Defendant Humphreys County is entitled to sovereign immunity with respect to all claims.

### SIXTH AFFIRMATIVE DEFENSE

Defendants cannot be liable for Plaintiff's Section 1983 claims under a respondent superior theory of liability according to *Monell v. Dept. of Social Services* and its progeny. Further, no policy or custom of Defendants was the moving force of any alleged deprivation of Plaintiff's Constitutional rights.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Humphreys County cannot be liable for punitive damages under Section 1983.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer the deprivation of any constitutional right.

### NINTH AFFIRMATIVE DEFENSE

Defendant Roseman is entitled to qualified immunity for all claims against him in his individual capacity because his good faith actions were objectively reasonable and consistent with clearly established law.

WHEREFORE, PREMISES CONSIDERED, Defendants, having responded to the allegations of the Plaintiff's Complaint, and having denied any and all liability in the premises, demand that Plaintiff's Complaint be dismiss with prejudice, with all costs assessed to the Plaintiff.

                Respectfully submitted,

                HUMPHREYS COUNTY, MISSISSIPPI AND
                SHERIFF J.D. ROSEMAN

      BY:   /s/Wilton V. Byars, III
             OF COUNSEL

{D1172509.1}

WILTON V. BYARS, III – BAR #9335
wbyars@danielcoker.com
TIFFANY N. CAREY – BAR # 105550
tcarey@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MS 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

## **CERTIFICATE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

    Ronald E. Stutzman, Jr., Esq.
    The Stutzman Law Firm, PLLC
    106 Luckney Station Road, Suite B
    Flowood, Mississippi 39232
    Telephone: (769) 208-5683
    Facsimile: (601) 202-3022
    rstutzman@stutzmanlawfirm.com

    S. Craig Panter, Esq.
    Panter Law Firm, PLLC
    7736 Old Canton Road, Suite B
    Madison, Mississippi 39110
    Telephone: (601) 607-3156
    Facsimile: (601) 607-3157
    cpanter@craigpanterlaw.com

THIS, the 11th day of April, 2019.

                                                /s/Wilton V. Byars, III
                                                WILTON V. BYARS, III

{D1172509.1}