IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JOSEPH MCGEE, JR.**                                                      **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO 4:19-cv-037-DMB-RP**

**HUMPHREYS COUNTY, MISSISSIPPI,**                       **DEFENDANTS**
**COLE MCGINNIS, DON BULLOCK,**
**DEMARI HENDERSON, DEXTER MCPHERSON,**
**EDWARD HUNTER, SEAN WILLIAMS, and**
**GARRET FARMER**

**FIRST AMENDED COMPLAINT**

**\*\*\* JURY TRIAL DEMANDED\*\*\***

Plaintiff, Joseph McGee, Jr., files this his Complaint against Defendants, Humphreys County, Mississippi, Cole McGinnis, Don Bullock, Demari Henderson, Dexter McPherson, Edward Hunter, Sean Williams, and Garret Farmer, as follows:

**Parties**

1. Plaintiff Joseph McGee, Jr. is, and was at all relevant times, an adult resident citizen of Humphreys County, Mississippi.

2. Defendant, Humphreys County, Mississippi, has already been served with process.

3. Defendant, Cole McGinnis, is and was at all relevant times, a Deputy in the Humphreys County Sheriff's Department. He may be served by delivering a copy of the

Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038. He is sued in his individual capacity.

4.     Defendant, Don Bullock, at all relevant times, was a Deputy in the Humphreys County Sheriff's Department. He is now employed by the City of Belzoni Police Department and may be served by delivering a copy of the Summons and Complaint to him at his employment address of 314 North Hayden Street, Belzoni, Mississippi 39038. He is sued in his individual capacity.

5.     Defendant, Demari Henderson, was at all relevant times, a Deputy in the Humphreys County Sheriff's Department. He is now employed by the City of Belzoni Police Department and may be served by delivering a copy of the Summons and Complaint to him at his employment address of 314 North Hayden Street, Belzoni, Mississippi 39038. He is sued in his individual capacity.

6.     Defendant, Dexter McPherson, is and was at all relevant times, a Deputy in the Humphreys County Sheriff's Department. He may be served by delivering a copy of the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038. He is sued in his individual capacity.

7.     Defendant, Edward Hunter, is and was at all relevant times, a Deputy in the Humphreys County Sheriff's Department. He may be served by delivering a copy of the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038. He is sued in his individual capacity.

8. Defendant, Sean Williams, is and was at all relevant times, a Deputy in the Humphreys County Sheriff's Department. He may be served by delivering a copy of the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038. He is sued in his individual capacity.

9. Defendant, Garret Farmer, is and was at all relevant times, a Deputy in the Humphreys County Sheriff's Department. He may be served by delivering a copy of the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, Mississippi 39038. He is sued in his individual capacity.

**Venue**

10. Venue is appropriate under 42 U.S.C. Section 1391.

**Personal Jurisdiction**

11. This Court has personal jurisdiction over all Defendants because they reside in the state of Mississippi and, in particular, within the counties that are part of the Greenville Division of the Northern District of Mississippi.

**Subject Matter Jurisdiction**

12. This Court has subject matter jurisdiction over the civil rights claims asserted by Plaintiff pursuant to 42 U.S.C. Section 1343(a)(3) and 28 U.S.C. Section 1331.

**Statement of the Facts**

13. On or about May 11, 2018, Joseph McGee, Jr. was taken into the custody of the Humphreys County Sheriff's Department, where he would be extradited for a charge which was pending in the State of Virginia.

14. On or about May 29, 2018, Mr. McGee was still in the custody and control of the Humphreys County Sheriff's Department.

15. On the evening of May 29, 2018, a fight broke out across the hall from Joseph McGee.

16. In response, the Humphreys County Sheriff's deputies removed all inmates from the area.

17. After bringing the inmates back to their cells, a second fight broke out.

18. Joseph McGee was not involved in either of these fights.

19. After the fights were contained, Mr. McGee was talking to the inmate held in the cell across the hall.

20. Soon thereafter, the Deputy Defendants, Cole McGinnis, Don Bullock, Demari Henderson, Dexter McPherson, Edward Hunter, Sean Williams, and Garret Farmer, entered Mr. McGee's cell, removed him, and took him and a fellow inmate into the chapel.

21. Recognizing that their actions would be captured on video, the deputies took Joseph and the second inmate into a back office.

22. While in the back office, Defendant, Deputy Cole McGinnis, began talking to Joseph and in mid-sentence struck Mr. McGee in the face.

23. Deputy McGinnis continued to strike Mr. McGee in an attempt to get him to fight back.

24. Deputies, Don Bullock, Demari Henderson, Dexter McPherson, Edward Hunter, Sean Williams, and Garret Farmer, watched Deputy Cole McGinnis' assault and battery of Mr. McGee; however, they failed to take any action to stop the assault and battery and encouraged Deputy McGinnis in his assault and battery of Mr. McGee.

25. Mr. McGee refused to fight and held up his hands to demonstrate that he was not going to fight back.

26. Mr. McGee suffered injuries as a result of Deputy McGinnis' assault upon him.

27. Deputy McGinnis then asked Mr. McGee if he was going to press charges for the assault. Mr. McGee was told that if he pressed charges, he "would not make it to Virginia."

28. Mr. McGee and his fellow inmate where then forced to sit on the floor while the deputies taunted them.

29. Mr. McGee was denied any type of medical care for his injuries.

30. The next day, May 30, 2018, Mr. McGee was transported to Virginia. Upon arriving in Virginia, the officers performing the intake asked Mr. McGee what happened to him. Mr. McGee's injuries were noted during intake.

31. Later that evening, Mr. McGee was able to speak with his family and inform them of what had occurred.

32. Mr. McGee's mother called Sheriff J.D. "Bubba" Roseman to discuss the incident but was unable to reach him. The next day, Sheriff Roseman returned her call, acknowledged that the incident occurred, and asked that she let him handle it.

33. To Plaintiff's knowledge, no corrective action has been taken against any of the deputies.

**Causes of Action**

34. While he was incarcerated in the Humphreys County jail, Joseph McGee had the right to be free of cruel and unusual punishment, which includes being viciously beaten. Defendants denied him these rights.

35. The right to be free of such is guaranteed to convicted prisoners pursuant to the Eighth Amendment of the United States Constitution. The same right is guaranteed to pretrial detainees pursuant to the due process clause of the Fourteenth Amendment.

36. Defendant Humphreys County, Mississippi, failed to properly and adequately train, supervise, and/or hire the Deputy Defendants, Cole McGinnis, Don

6

Bullock, Demari Henderson, Dexter McPherson, Edward Hunter, Sean Williams, and Garret Farmer, in violation of the Plaintiff's rights. These rights are guaranteed to Plaintiff pursuant to the Fourth Amendment and Eighth Amendment, and as applied in this matter by and through the Fourteenth Amendment.

37. As a direct and proximate result of the actions of the Defendants, the following clearly established and well-settled federal constitutional rights of the Plaintiff were violated, though not limited to such:

    a. Freedom from an unreasonable seizure;

    b. Freedom from the use of excessive, unreasonable, and unjustified force against his person;

    c. Freedom from cruel and unusual punishment;

    d. Proper medical care and treatment;

    e. Due process of law; and

    f. Equal protection under the law.

38. 42 U.S.C. Section 1983 provides a remedy for the violation of Plaintiff's rights as described above. Plaintiff asserts a Section 1983 claim against all Defendants for the violation of his rights while acting under the color of law under the Fourth Amendment, Eighth Amendment, due process clause of the Fourteenth Amendment, and/or the Equal Protection clause as stated above, and otherwise within the meaning of constitutional rights under Section 1983.

39. In addition, pursuant to 42 U.S.C. Section 1988, when he prevails in this action, Plaintiff is entitled to recovery of attorney's fees, costs and other expenses as set forth in the statute. Plaintiff asserts a claim against all Defendants for such relief.

**Count I – liability of the Deputy Defendants pursuant to Section 1983**

40. Deputy Cole McGinnis was directly involved in the beating of Plaintiff while the remaining Deputy Defendants cheered on and encouraged the beating. Such conduct was at all times conducted or performed under the color of law.

41. Pursuant to Section 1983, therefore, Plaintiff asserts a claim against the Deputy Defendants for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or the Equal Protection clause.

42. These Defendants have caused him pain, suffering, emotional distress, physical injuries, and loss of enjoyment of life.

43. Plaintiff seeks compensatory damages against said Defendants in an amount to be determined at the trial of this matter.

44. Plaintiff also seeks an award of punitive damages against the Deputy Defendants in an amount to be determined at the trial of this matter.

45. Plaintiff seeks an award of attorneys' fees, costs and other expenses against the Deputy Defendants.

46. Plaintiff also seeks post-judgment interest as provided by statute.

## Count II – County liability under Section 1983

47.     The violent tendencies of the deputies within the Humphreys County Sheriff's Department, was well known to Sheriff J.D. Roseman (the final policymaker for the County in law enforcement matters) prior to the events that are the subject of this lawsuit.

48.     This pattern of violence and denial of constitutional rights had, prior to the events alleged in this Complaint, risen to such a level that it became part of the custom, policy or practice of the Humphreys County Sheriff's Department.

49.     As a result, pursuant to Section 1983, Plaintiff asserts a claim against Humphreys County, Mississippi for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or the Equal Protection clause.

50.     The Defendant, Humphreys County, Mississippi, has caused Mr. McGee pain, suffering, emotional distress, physical injuries, and loss of enjoyment of life.

51.     Plaintiff seeks compensatory damages against Humphreys County, Mississippi in an amount to be determined at the trial of this matter.

52.     Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendant.

53.     Plaintiff seeks prejudgment interest against said Defendant all damages that are "liquidated" as of the date of the filing of his Complaint.

54. Plaintiff also seeks post-judgment interest as provided by statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests an award of actual damages in an amount to be determined at trial against all Defendants, jointly and severally. He requests an award of punitive damages in an amount to be determined at trial against the individual Defendants, jointly and severally. He requests an award of attorneys' fees, cost of litigation expenses pursuant to Section 1988 against all Defendants, jointly and severally. He requests prejudgment interest as set forth above against all Defendants, jointly and severally. He requests costs of court and post-judgment interest as provided by rule and statute.

Respectfully submitted, this the 15th day of June, 2019.

        Joseph McGee

    By: /s/ Ronald E. Stutzman, Jr.
        Ronald E. Stutzman, Jr.

Ronald E. Stutzman, Jr. (MB #101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com

S. Craig Panter (MB #3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, Mississippi 39110
Telephone: (601) 607-3156
Facsimile: (601) 607-3157
cpanter@craigpanterlaw.com

## **CERTIFICATE OF SERVICE**

I, Ronald E. Stutzman, Jr., do hereby certify that I have this day filed a true and correct copy of the above and foregoing pleading with the Clerk of Court using the ECF filing system which provided electronic notification of such filing to all counsel of record.

So certified, this the 15th day of June, 2019.

/s/ Ronald E. Stutzman, Jr.
Ronald E. Stutzman, Jr.
