IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOSEPH MCGEE, JR.                                                        PLAINTIFF

VS.                                         CIVIL ACTION NO. 4:19-cv-037-DMB-RP

HUMPHREYS COUNTY, MISSISSIPPI,
J.D. "BUBBA" ROSEMAN (IN BOTH HIS
OFFICIAL AND INDIVIDUAL
CAPACITIES), AND JOHN DOES 1-5                              DEFENDANTS

**HUMPHREYS COUNTY'S SEPARATE ANSWER AND**
**DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Humphreys County, Mississippi ("Humphreys County"), one of the defendants herein, by and through undersigned counsel, and files its Separate Answer and Defenses to Plaintiff's First Amended Complaint, as follows:

**FIRST DEFENSE**

Plaintiff's First Amended Complaint fails to state a claim against Humphreys County upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**

**ANSWER**

AND NOW, without waiving its right to be heard regarding the above defense, Humphreys County responds to the allegations of Plaintiff's First Amended Complaint, paragraph by paragraph, as follows:

1. Humphreys County is currently without sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

2. Admitted.

3. Admitted.

4. Admitted.

5. Humphreys County admits that Demari Henderson was employed as a Humphreys County jailer, not deputy, at the time of the alleged incident. The remaining allegations of Paragraph 5 are admitted.

6. Admitted.

7. Humphreys County admits that Edward Hunter was employed as a Humphreys County jailer, not deputy, at the time of the alleged incident and is now a Humphreys County deputy. The remaining allegations of Paragraph 7 are admitted.

8. Admitted.

9. Humphreys County admits that Garret Farmer is and was at all relevant times a Belzoni Police officer. Upon information and belief, Farmer was not present at any relevant time regarding the events described in Plaintiff's First Amended Complaint.

10. Admitted.

11. Humphreys County admits that jurisdiction is proper in the Greenville Division of the United States District Court for the Northern District of Mississippi.

12. Humphreys County admits that jurisdiction is proper in the Greenville Division of the United States District Court for the Northern District of Mississippi.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied.

{D1220836.1}

18. Denied.

19. Humphreys County is currently without sufficient information or knowledge to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Humphreys County is currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies the same.

31. Humphreys County is currently without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies the same.

32. Denied.

33. Humphreys County denies that any corrective action was necessary or taken.

34. The first sentence of Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Humphreys County denies any allegations against it. The allegations in the second sentence of Paragraph 34 are denied.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, Humphreys County denies any allegations against it.

36. Denied.

37. Denied, including sub-parts a.) – f.).

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Humphreys County denies any allegations against it.

39. The first sentence of Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Humphreys County denies any allegations against it. As to the second sentence, Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

40. Denied.

41. Humphreys County denies any and all of Plaintiff's claims against it.

42. Denied.

43. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

44. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

45. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

46. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

47. Denied.

48. Denied.

49. Humphreys County denies any and all of Plaintiff's claims against it.

50. Denied.

51. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

52. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

53. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

54. Humphreys County denies that Plaintiff is entitled to recover damages against it in any amount whatsoever.

In response to the paragraph of the First Amended Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED," Humphreys County denies that Plaintiff is entitled to judgment or any other relief against it, including but not limited to actual or general damages, attorney's fees, costs, interests or expenses, or punitive damages, and demands that Plaintiff's First Amended Complaint be dismissed with prejudice with all cost assessed to the Plaintiff.

AND NOW, having responded to the Plaintiff's First Amended Complaint, and having denied any and all liability to the Plaintiff, Humphreys County asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

The sole proximate cause or contributing cause of Plaintiff's alleged damages, if any, was his own conduct, whether negligent or intentional.

**SECOND AFFIRMATIVE DEFENSE**

The sole proximate cause or contributing cause of Plaintiff's alleged damages, if any, was the fault of individuals or entities other than Humphreys County and for whom Humphreys County cannot be held responsible.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were the results of intervening or superseding events, factors, occurrences, conduct of others, or conditions which are not attributable to Humphreys County, and for which Humphreys County had no control and is therefore not liable.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were the result of a pre-existing condition for which Humphreys County is responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Humphreys County is entitled to sovereign immunity with respect to all claims.

**SIXTH AFFIRMATIVE DEFENSE**

Humphreys County cannot be liable for Plaintiff's Section 1983 claims under a respondent superior theory of liability according to *Monell v. Dept. of Social Services* and its progeny. Further, no policy or custom of Defendants was the moving force of any alleged deprivation of Plaintiff's Constitutional rights.

**SEVENTH AFFIRMATIVE DEFENSE**

Humphreys County cannot be liable for punitive damages under Section 1983.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff did not suffer the deprivation of any constitutional right.

WHEREFORE, PREMISES CONSIDERED, Humphreys County, having responded to the allegations of the Plaintiff's First Amended Complaint, and having denied any and all liability in the premises, demands that Plaintiff's First Amended Complaint be dismiss with prejudice, with all costs assessed to the Plaintiff.

          Respectfully submitted,

          HUMPHREYS COUNTY

          BY:    /s/Wilton V. Byars, III
                   OF COUNSEL

WILTON V. BYARS, III – BAR #9335
wbyars@danielcoker.com
TIFFANY N. CAREY – BAR # 105550
tcarey@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MS 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

{D1220836.1}

## **CERTIFICATE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

>Ronald E. Stutzman, Jr., Esq.
>The Stutzman Law Firm, PLLC
>106 Luckney Station Road, Suite B
>Flowood, Mississippi 39232
>Telephone: (769) 208-5683
>Facsimile: (601) 202-3022
>rstutzman@stutzmanlawfirm.com

>S. Craig Panter, Esq.
>Panter Law Firm, PLLC
>7736 Old Canton Road, Suite B
>Madison, Mississippi 39110
>Telephone: (601) 607-3156
>Facsimile: (601) 607-3157
>cpanter@craigpanterlaw.com

THIS, the 28th day of June, 2019.

/s/Wilton V. Byars, III
WILTON V. BYARS, III

{D1220836.1}